Tony PACHERILLE, Plaintiff–
Appellant,

v.

John MUEHL, individually and as Dis-
trict Attorney of Otsego County, and
Sr. Inv. Michael Ten Eyck, individual-
ly and as a member of the Otsego
County Sheriff's Department, Defen-
dants–Appellees.*

No. 14–4666–cv.

United States Court of Appeals,
Second Circuit.

Oct. 13, 2015.

Frank Policelli, Law Office of Frank
Policelli, Utica, NY, for Plaintiff–Appel-
lant.

Gregg T. Johnson, Lemire, Johnson &
Higgins, LLC, Malta, NY, for Defendants–
Appellees.

PRESENT: B.D. PARKER,
RAYMOND J. LOHIER, JR. and SUSAN
L. CARNEY, Circuit Judges.

**SUMMARY ORDER**

Tony Pacherille appeals from an order
of the United States District Court for the
Northern District of New York (McAvoy,
J.) granting the defendants' motions to
dismiss. We assume the parties' familiari-
ty with the facts and record of the prior
proceedings, to which we refer only as
necessary to explain our decision to affirm.

In 2012 Pacherille was arrested and
charged with aggravated harassment in
the second degree in violation of New York
Penal Law § 240.30(1)(a). After the
charge against him was dismissed, Pache-
rille filed suit asserting § 1983 ·claims
against Otsego County District Attorney
John Muehl, Senior Investigator Michael
Ten Eyck of the Otsego County Sheriff's
Department, and other defendants no
longer part of this appeal. The defendants
filed motions to dismiss under Federal
Rules of Civil Procedure 12(b)(6) and 12(c).

Based on our *de novo* review of the
allegations in the complaint, we agree with
the District Court that Muehl and Ten
Eyck are entitled to qualified immunity for
their actions. Law enforcement officers
are protected by qualified immunity if (1)
their "conduct [did] not violate clearly es-
tablished statutory or constitutional rights
of which a reasonable person would have
known," *Harlow v. Fitzgerald,* 457 U.S.
800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396
(1982), or (2) it was "objectively reasonable
for [them] to believe that [their] actions
were lawful at the time of the challenged

* The Clerk of Court is directed to amend the     case caption as set forth above.

act," *Lennon v. Miller,* 66 F.3d 416, 420 (2d Cir.1995) (quotation marks omitted). Muehl is further "entitled to absolute immunity for all acts intimately associated with the judicial phase of the criminal process," *Simon v. City of New York,* 727 F.3d 167, 171 (2d Cir.2013) (quotation marks omitted), including the filing of a criminal information, *see Flagler v. Trainor,* 663 F.3d 543, 547 (2d Cir.2011).

In this case, Muehl and Ten Eyck are entitled to qualified immunity for Pacherille's claims arising from the search and arrest warrants. The warrants were issued by a neutral magistrate and supported by probable cause to believe Pacherille violated New York Penal Law § 240.30(1)(a) as it existed in 2011 and 2012. *See Messerschmidt v. Millender,* — U.S. ——, 132 S.Ct. 1235, 1245, 182 L.Ed.2d 47 (2012). It is true that the statute was subsequently struck down as unconstitutional under the First Amendment. *See People v. Golb,* 23 N.Y.3d 455, 468, 991 N.Y.S.2d 792, 15 N.E.3d 805 (N.Y. 2014). But at the time Muehl and Ten Eyck obtained the search and arrest warrants in this case, it was objectively reasonable for them to conclude that they could rely on written communications—in this case, the posting of a website—to establish probable cause for the warrants.

We have considered all of Pacherille's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.